Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2026-053)

| ISLAND PORTFOLIO SERVICES, LLC, como agente de LUNA CHICA, LLC<br><br>**Parte apelante**<br><br>v.<br><br>LUIS R. SERRANO GONZÁLEZ<br><br>**Parte apelada** | **TA2026AP00474** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Caso Núm.:<br>**SL2026CV00029**<br><br>Sobre:<br><br>**COBRO DE DINERO REGLA 60** |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece ante nos, Island Portfolio Services, LLC en representación de Luna Chica, LLC, en adelante, LUNA o apelante, solicitando que revoquemos la *"Sentencia"* notificada por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas, el 18 de marzo de 2026. En la misma, el Foro Apelado desestimó *sin perjuicio* la reclamación en cobro de dinero de la apelante contra Luis Serrano González, en adelante, Serrano González o apelado.

Por los fundamentos que expondremos a continuación, *desestimamos por falta de jurisdicción.*

**I.**

El 24 de enero de 2026, LUNA presentó una *"Demanda"* contra Serrano González por cobro de dinero ante el TPI-Caguas. En la misma, reclamó la cuantía de $12,197.16, más intereses al tipo legal, así como las costas y honorarios de abogado por la

radicación de la demanda.[1] El 2 de febrero de 2026, el Foro Primario señaló vista para el 17 de marzo de 2026 a las 9:30 am, mediante videoconferencia.[2] La correspondiente notificación y citación al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, fue expedida ese mismo día.

Llegado el día pautado, la vista no se celebró. Unos días más tarde, siendo el **18 de marzo de 2026**, el Foro Apelado notificó una *"Sentencia"* en la que desestimó la reclamación de LUNA sin perjuicio.[3] En su dictamen, indicó que desde las 9:25 am estuvo esperando la comparecencia de la apelante, y a las 9:50 am cursó el caso de epígrafe. Determinó que LUNA no tenía interés en el caso, y por eso decretó la desestimación *sin perjuicio* del mismo.

Inconforme, el **7 de abril de 2026**, Serrano González solicitó *"Reconsideración"* ante el Foro Apelado.[4] En su escrito, adujo que el día de la vista estuvo intentando acceder a la plataforma Zoom desde las 9:15 am, pero nunca se le dio acceso. No obstante, el 8 de abril de 2026, el TPI-Caguas declaró *"No Ha Lugar"* la petición de reconsideración.

Así las cosas, el 8 de mayo de 2026, LUNA presentó ante nos una *"Apelación"*, en la que planteó el siguiente señalamiento de error:

> **Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso de epígrafe sin antes considerar la posición de la parte demandante, aplicando así la sanción más severa.**

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 2.
[3] SUMAC, Entrada Núm. 7.
[4] SUMAC, Entrada Núm. 8.

TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.[5]

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La *apelación* no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Mojica Rodríguez v. ESSROC*, 2026 TSPR 47, 218 DPR ___ (2026); *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v.*

---

[5] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". Reglamento del Tribunal de Apelaciones, supra.

*Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior*, 81 DPR 554, 573 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 710 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Por discreción se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v.*

*Ortega Santiago*, supra, págs. 211-212. Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.

*Rivera et al. v. Arcos Dorados et al.*, supra.

### B. Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Mojica Rodríguez v. ESSROC,* supra; *Matos Zayas et al v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage, Inc. v. Fossas Blanco et al,* 211 DPR 135, 144 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Mojica Rodríguez v. ESSROC,* supra; *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o *por el tribunal motu proprio. MCS Advantage, Inc. v. Fossas Blanco et al*, supra, pág. 145; *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 386.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves,* supra, pág. 273; *FCPR v. ELA et al,* supra.

En adición, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B)　　Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1)　　que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> (C)　　*El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*
> [Énfasis suplido].

### C. Reconsideración

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, reza de la siguiente manera:

> [...]
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, ***dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia***.
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> ***La moción de reconsideración que no cumpla con las***
> ***especificidades de esta regla será declarada "sin***
> ***lugar" y se entenderá que no ha interrumpido el***
> ***término para recurrir.***
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

(Énfasis nuestro)

El mecanismo procesal de la moción de reconsideración fue introducido en nuestra jurisdicción en el 1937, mediante el Código de Enjuiciamiento Civil de 1904. Ley Núm. 67 de 8 mayo de 1937, la cual enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 LPRA antes sec. 1251. El propósito de este mecanismo es permitirles a los tribunales rectificar cualquier error cometido en sus determinaciones. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 743 (2023); *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 995 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009); *Lagares v. E.L.A.*, 144 DPR 601, 612 (1997).

Según lo dispone la misma regla, es importante señalar que cuando una moción de reconsideración no cumple con las especificidades de la disposición estatutaria aludida, los términos para recurrir *no quedan interrumpidos*. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 341 (2018); 32 LPRA Ap. V, R. 47. Con relación a esto último, para acudir en revisión ante el Tribunal de Apelaciones, el Tribunal Supremo de Puerto Rico ha expresado que las Reglas de Procedimiento Civil establecen la ***suspensión automática de los mismos con la presentación oportuna y que cumpla con los requisitos de la Regla 47 de Procedimiento Civil***, supra. *Marrero Rodríguez v. Colón Burgos,* supra, pág. 338;

*Morales y otros v. The Sheraton Corp,* supra, pág. 8; J.A. Echevarría Vargas*, Procedimiento Civil Puertorriqueño,* 1ra ed. rev., 2012, pág. 292. ***Cuando una moción de reconsideración es presentada conforme a derecho, los términos para apelar a un tribunal de mayor jerarquía quedan interrumpidos***, hasta tanto el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. *Marrero Rodríguez v. Colón Burgos,* supra, pág. 338; *Mun. Rincón v. Velázquez Muñíz,* supra, pág. 1,000; *Morales y otros v. The Sheraton Corp,* supra, pág. 8.; *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011).

### III.

La parte apelante comparece ante esta Curia solicitando que revoquemos la *"Sentencia"* emitida el 18 de marzo de 2026. El término para recurrir no queda irremediablemente interrumpido una vez la moción de reconsideración es presentada. La Regla 47 de Procedimiento Civil, *supra,* requiere que la misma sea presentada oportunamente. *De lo contrario, el término para recurrir no se interrumpe con la solicitud de reconsideración.* Es decir, se cuenta desde que el dictamen recurrido es notificado, ***no*** desde la resolución que atienda la reconsideración.

El término para solicitar reconsideración del dictamen aludido vencía el **2 de abril de 2026**. Sin embargo, siendo ese día uno festivo, el término se extendió al próximo día laboral, siendo este el **6 de abril de 2026**. Sin embargo, LUNA solicitó la reconsideración del Foro Apelado el **7 de abril de 2026**. Presentada la misma fuera del término de quince (15) días estatutariamente proscrito, ***el término para recurrir ante este Tribunal no fue interrumpido.***

Así las cosas, los treinta (30) días para apelar de la *"Sentencia"* impugnada vencían el **17 de abril de 2026**. La apelante presentó su recurso de *"Apelación"* el *8 de mayo de 2026*, veintiún (21) días después de haber vencido el término jurisdiccional de treinta (30) días para hacerlo.

**IV.**

Por los fundamentos que anteceden, *desestimamos por falta de jurisdicción el recurso de epígrafe, por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones